**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| **EDDIE MERAZ,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **CIVIL ACTION FILE NO.** |
| | * | **4:25-cv-00302-WMR-JHR** |
| **WILLIAM THOMAS SULLIVAN, et al.,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

**DEFENDANTS' BRIEF IN SUPPORT THEIR MOTION TO DISMISS**

COME NOW Defendants named in the above-styled action, and hereby submit this Brief in support of their Motion to Dismiss Plaintiff's Complaint, and respectfully show this Honorable Court as follows, to-wit:

## I. INTRODUCTION.

### A. Statement of Facts.[1]

During the time in which the allegations in this case arose, Plaintiff was an inmate at the Whitfield County Jail ("WCJ"). Doc. 4 ¶ III.A. Defendants were employees of the Sheriff of Whitfield County, Georgia, at the time. *See generally* Doc. 4. During the timeframe relevant to this action, Defendants

[1] Defendants do not admit to the truth of any of the facts contained in Plaintiff's complaint merely by providing them in support of their request for dismissal of Plaintiff's complaint.

worked as Jailer Officers in the WCJ. *See* Doc. 4 ¶ III.B.3.

Within the WCJ, an inmate grievance procedure is set forth in the Inmate Handbook, which is contained on the kiosks in the inmate dorms. *See* Exhibit A: Lynch Aff. at Exhibit 1. Inmates may file grievances by writing a concern on a Grievance Form provided on the kiosk machine. *Id.* Inmates have three days from the date of the incident to be grieved to file a grievance. *Id.* Grievances not filed within this time period will not be addressed. *Id.* All grievances will be reviewed each weekday by the Grievance Officer. *Id.* The Grievance Officer will review/investigate the complaint and return a written response of what action was taken to the complaining inmate. *Id.* A copy of the response will be forwarded to the Detention Lieutenant for review. *Id.* If inmates wish to appeal the findings, inmates must complete and submit a Grievance Appeal Form with 48 hours. *Id.*

The incident alleged in the complaint took place on November 26, 2023. On November 29, 2023, Plaintiff filed a grievance about being placed in the "red suite," another term for disciplinary segregation. *Id.* He was asking to be placed in general population of the Jail. *Id.* Plaintiff did not complain about the alleged excessive force used by the officers. *Id.*

**B. Statement of the Case.**

On October 20, 2025, Plaintiff initiated this case by filing a *pro se*

complaint in this Court. *See* Doc. 1. On December 15, 2025, Plaintiff filed an amended complaint. *See* Doc. 4. The Magistrate Judge conducted a frivolity review and, on January 29, 2026, issued a Non-Final Report and Recommendation recommending that Plaintiff be allowed to pursue an excessive force claim against these Defendants. *See* Doc. 5. On February 26, 2026, this Court issued an Order adopting the Non-Final Report and Recommendation. *See* Doc. 7. On March 2, 2026, Plaintiff filed a motion for the appointment of counsel, *see* Doc. 8, which the Magistrate Judge denied without prejudice on March 6, 2026, *see* Doc. 9. On June 2, 2026, Defendants waived service of process.

As set forth in the Report and Recommendation,

> Plaintiff alleges that, while confined at the Whitfield County Jail, an officer gave him his phone to copy some numbers. Plaintiff asserts that defendant Sullivan then took his phone and pushed him towards the counter, after which “one officer” came from behind and clammed him to the ground, causing him to “black[] out [for] a few seconds.” When plaintiff regained consciousness, defendant Sullivan was punching him in the eyes and forehead five to six times, and defendants Bandy and Brown were punching his face and body five to ten times. Plaintiff states that defendant Sullivan placed his knee on plaintiff’s throat, causing him to almost “black[] out” while plaintiff yelled that he could not breathe. Plaintiff alleges that defendant Christopher then tazed plaintiff twice while he was handcuffed.

Doc. 5 at 3-4. Defendants now move to dismiss Plaintiff’s complaint.

## II. ARGUMENT AND CITATION TO AUTHORITY.

### A. Plaintiff's complaint should be dismissed under Rule 12(b)(6) because Plaintiff failed to exhaust his administrative remedies as required by the PLRA.

#### 1. Standard of review for motions to dismiss asserting lack of compliance with PLRA exhaustion.

"The PLRA forbids suits by prisoners 'with respect to prison conditions' under any federal law, including the United States Constitution, 'until such administrative remedies as are available are exhausted.'" *Maldonado v. Baker Cty. Sheriff's Office*, 23 F.4th 1299, 1307 (11th Cir. 2022) (quoting 42 U.S.C. § 1997e(a)). In the Eleventh Circuit, since a prisoner's failure to exhaust administrative remedies required by the PLRA is considered "a matter in abatement and not generally an adjudication on the merits…it 'should be raised in a motion to dismiss, or be treated as such if raised on a motion for summary judgment.'" *Bryant v. Rich*, 530 F.3d 1368, 1374 – 1375 (11th Cir. 2008) (quoting *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 – 369 (9th Cir. 1988)). Though treated as a motion to dismiss under Rule 12(b), the issue of exhaustion may be resolved by considering matters outside the pleadings, just as with a motion for summary judgment. *Bryant*, 530 F.3d at 1374 – 1375.

Determining whether dismissal of a complaint for failure to exhaust administrative remedies under the PLRA is a two-step process. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). First, the court must look to "the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response". *Id.* If the facts are in conflict, the court must take the plaintiff's version as true. *Id.* But, the defendant is entitled to dismissal of the complaint if the facts show the plaintiff failed to exhaust administrative remedies. *Id.* "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

**2. Grievance procedures applicable to the WCJ.**

Plaintiff was required to follow the grievance procedures applicable to the Whitfield County Jail. Under the grievance policy, inmates may file grievances by writing a concern on a Grievance Form provided on the kiosk machine. *See* Lynch Aff. Inmates have three days from the date of the incident to be grieved to file a grievance. *Id.* Grievances not filed within this time period will not be addressed. *Id.* All grievances will be reviewed each weekday by the Grievance Officer. *Id.* The Grievance Officer will review/investigate the complaint and return a written response of what action was taken to the

complaining inmate. *Id.* A copy of the response will be forwarded to the Detention Lieutenant for review. *Id.* If inmates wish to appeal the findings, inmates must complete and submit a Grievance Appeal Form with 48 hours. *Id.*

**3. Plaintiff failed to grieve his concerns about Defendants' alleged conduct.**

Although Plaintiff filed a grievance, it was concerning him being placed in disciplinary segregation, not about the officers using excessive force on him. Specifically, there is nothing in that grievance that could be read as a complaint of excessive force by any officer at the WCJ. Plaintiff's concern was going to general population.

Plaintiff's failure to grieve Defendants' alleged conduct thus violates a core principle of the PLRA's exhaustion requirement – correction officials should be given the time and opportunity to respond to an inmate complaint before allowing suit in federal court. *Q.F. v. Daniel*, 768 Fed. Appx. 935, 943 (11th Cir. 2019) (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)) (the Supreme Court has "summarized the purpose of exhaustion as 'afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'"). But, by failing to file a grievance regarding Defendants' specific alleged conduct, Plaintiff thwarted

the purpose of PLRA exhaustion. Plaintiff's complaint thus should be dismissed as to Defendants based upon his failure to exhaust administrative remedies under the PLRA.

## III. CONCLUSION.

Based upon the foregoing reasons, Defendants request that this Honorable Court enter an order dismissing Plaintiff's complaint.

RESPECTFULLY SUBMITTED,

WOMACK, RODHAM & RAY, P.C.

*/s/ Ronald R. Womack*
GEORGIA BAR NO. 773650
rwomack@wrrlawfirm.com

*/s/ Steven M. Rodham*
GEORGIA BAR NO. 611404
srodham@wrrlawfirm.com

P.O. Box 549
109 East Patton Street
LaFayette, Georgia 30728
Tel: (706) 638-2234
Fax: (706) 638-3173

ATTORNEYS FOR DEFENDANTS

---

## LR 7.1(D), NDGa. CERTIFICATION

---

In accordance with LR 7.1(D), I certify that this document has been prepared with 13-point Century Schoolbook font in compliance with LR 5.1(C), NDGa.

RESPECTFULLY SUBMITTED,

WOMACK, RODHAM & RAY, P.C.

*/s/ Steven M. Rodham*
GEORGIA BAR NO. 611404
srodham@wrrlawfirm.com

P.O. Box 549
109 East Patton Street
LaFayette, Georgia 30728
Tel: (706) 638-2234
Fax: (706) 638-3173

OF COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on July 17, 2026, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system and served via U.S. Mail the following non-CM/ECF participant:

Mr. Eddie Meraz
GDC # 1001755898
115 Altamont Ave.
Dalton, GA 30720

RESPECTFULLY SUBMITTED,

WOMACK, RODHAM & RAY, P.C.

*/s/ Steven M. Rodham*
GEORGIA BAR NO. 611404
srodham@wrrlawfirm.com

P.O. Box 549
109 East Patton Street
LaFayette, Georgia 30728
Tel: (706) 638-2234
Fax: (706) 638-3173

OF COUNSEL FOR DEFENDANTS